## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **CINDY HARNEN, on behalf of herself**<br>**and all others similarly situated,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 5:16-cv-00330-RH-GRJ** |
| | ) | |
| **DOLGENCORP, LLC, d/b/a** | ) | |
| **DOLLAR GENERAL, a Florida** | ) | |
| **corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## IN THE AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| **CINDY HARNEN, on behalf of herself**<br>**and all others similarly situated,** | ) | |
| | ) | |
| | ) | |
| **Claimant,** | ) | |
| **v.** | ) | **AAA No. 01-16-0005-6590** |
| | ) | |
| **DOLGENCORP, LLC, d/b/a** | ) | |
| **DOLLAR GENERAL, a Florida** | ) | |
| **corporation,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and between Plaintiff Cindy Harnen ("Plaintiff") and Dolgencorp, LLC (referred to herein as "Defendant" or "Dollar General"). Plaintiff and Defendant are collectively referred to herein as the "Parties."

WHEREAS, Plaintiff was previously employed by Dollar General;

WHEREAS, disputes have arisen between Plaintiff and Defendant relating to the Plaintiff's employment and separation therefrom, including those claims raised in an action against Defendant now in the United States District Court for the Northern District of Florida, in a case styled, *Cindy Harnen, on behalf of herself and all other similarly situated v. Dolgencorp, LLC d/b/a Dollar General*, Civil Action No. 5:16-cv-00330-RH-GRJ, and *Cindy Harnen v. Dolgencorp, LLC d/b/a Dollar General*, AAA No. 01-16-0005-6590 (the "Litigation/Arbitration"), alleging violations of the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act, including but not limited to allegations that Plaintiff worked off the clock, and as such, was not paid minimum wages and/or overtime wages she alleges to have been entitled to receive, among other things;

WHEREAS, Plaintiff and Defendant desire to compromise, settle, and forever resolve and dispose of outstanding controversies and claims including but not limited to those raised in the Litigation/Arbitration;

WHEREAS, all words used in this Agreement will have their plain meaning in ordinary English; and

NOW, THEREFORE, in consideration of the foregoing and promises and other consideration contained hereinafter, the Parties agree as follows:

### I.

Dollar General agrees to pay to Plaintiff the total gross settlement amount of Four Thousand and no/100 Dollars ($4,000.00) as follows: (1) one check in the amount of Eight Hundred and Five and no/100 Dollars ($805.00), less applicable taxes and withholdings, made payable to Cindy Harnen, to be reported via IRS form W-2, which represents alleged back pay and any lost wages or liquidated damages; (2) one check in the amount of One Hundred and

no/100 Dollars ($100.00) made payable to Cindy Harnen, which amount represents compensation for a release of all other claims to be reported via IRS form 1099. The receipt and sufficiency of the payment of the gross settlement amount is hereby acknowledged, as a full and complete settlement of any and all of Plaintiff's claims encompassed or referred to in this Agreement or the Litigation/Arbitration.

Moreover, Plaintiff acknowledges that Plaintiff's attorneys,[1] will be separately paid an amount of Three Thousand and Ninety Five and no/100 Dollars ($3,095.00) for attorneys' fees and expenses related to Plaintiff's claims, and in accordance with Plaintiff's agreements with Plaintiff's Attorneys, as compensation for their representation of Plaintiff in this Litigation/Arbitration, the payment of which Plaintiff acknowledges as additional consideration for the settlement of Plaintiff's claims in this Litigation/Arbitration. The amounts enumerated in this section will be made payable upon the Court's judicial approval of this Settlement Agreement and Release of Claims.

## II.

In exchange for the consideration set forth above in Paragraph I. and other good and sufficient consideration set forth herein, Plaintiff, for and on behalf of Plaintiff individually and Plaintiff's heirs, executors, trustees, administrators, representatives, spouses, and assigns, if any, hereby fully, finally, completely, and forever releases, discharges, acquits, and relinquishes Defendant and its predecessors, successors, parent entities, subsidiaries, sister entities, partners,

---

[1] "Plaintiff's Attorneys" are defined to include the Chad E. Levy and the Law Offices of Levy & Levy, P.A. and any other attorneys related to this Litigation/Arbitration and/or the claims released by this Agreement, along with all of their agents, representatives, and employees, including all individual attorneys and firms of record that have made appearances in the course of this Litigation/Arbitration on behalf of Plaintiff, who represented Plaintiff in this Litigation/Arbitration, and/or anyone else suing Defendant on behalf of Plaintiff in connection with the prosecution of any of Plaintiff's claims, including claims for unpaid wages and/or for other damages against Defendant, and/or any attorney who is related, pursuant to any current or former joint representation agreement or other arrangement with Plaintiff's attorneys of record, the claims released by this Settlement Agreement and Release of Claims. The Law Offices of Levy & Levy, P.A. hereby represents that it has authority to acknowledge the sufficiency of the settlement proceeds for all of Plaintiff's Attorneys.

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS – PAGE 3
86810581_1

related or affiliated companies, attorneys, officers, directors, employees, former employees, agents and assigns (collectively the "Released Parties"), jointly and/or severally, from any and all claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under any federal, state, or local statute, law, regulation, or ordinance and common law, including, but not limited to, the Fair Labor Standards Act ("FLSA"); the Florida Minimum Wage Act; Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; 42 U.S.C. § 1981; the Americans with Disabilities Act; the Family and Medical Leave Act of 1993; the Age Discrimination in Employment Act ("ADEA"); the Equal Pay Act ("EPA"); the Lilly Ledbetter Fair Pay Act of 2009; the Genetic Information Nondiscrimination Act of 2008 ("GINA"); the Employee Retirement Income Security Act of 1974 ("ERISA"); or any other claim, regardless of the forum in which it might be brought, if any, arising from or in any way connected with Plaintiff's employment with Dollar General and the termination thereof, including all claims that were or could have been brought in the Litigation/Arbitration, which Plaintiff has, might have, or might claim to have against the Released Parties, or any of them individually, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any, whenever incurred, suffered, or claimed by Plaintiff in the Litigation/Arbitration or otherwise as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the date of this Agreement (collectively, the "Released Claims"). Moreover, Plaintiff represents and acknowledges that in the future, Plaintiff will not file, instigate, or encourage the filing of any lawsuits by any party in any state or federal court, asserting any of the Released Claims. Further, this Agreement includes a covenant by Plaintiff that Plaintiff will not bring any class or collective action as a result of

Plaintiff's employment with Dollar General.  Moreover, Plaintiff represents that if any agency or court assumes jurisdiction of any complaint, charge or lawsuit against any of the Released Parties, or certifies a class seeking relief on Plaintiff's behalf for any claims released by this Agreement, Plaintiff will request such agency or court to withdraw from the matter, and Plaintiff will not opt into any class or collective action she is invited to join (or, inversely, Plaintiff will specifically opt out of any class or collective action to which Plaintiff is joined) and, in any case, Plaintiff agrees not to take any personal legal or equitable relief from any such complaint, charge or lawsuit.

## III.

Plaintiff hereby acknowledges that Plaintiff knowingly and voluntarily enters into this Agreement with the purpose of waiving and releasing any claims Plaintiff may have under the Age Discrimination in Employment Act of 1967 ("ADEA"), and as such, Plaintiff acknowledges and agrees that:

A.     this Agreement is written in a manner which Plaintiff fully understands;

B.     Plaintiff specifically waives any rights or claims arising under the ADEA;

C.     this Agreement does not waive rights or claims under the ADEA that may arise after the date this Agreement is executed;

D.     the rights and claims waived in this Agreement are in exchange for consideration over and above anything of value to which Plaintiff is already entitled; and

E.     Plaintiff has been advised in writing to consult with Plaintiff's attorney prior to executing this Agreement, and has, in fact had an opportunity to do so.

F.     Plaintiff has been given a period of twenty-one (21) days within which to consider this Agreement;

G.      Plaintiff acknowledges that Plaintiff has a period of seven (7) days within which Plaintiff can revoke this Agreement as it relates to any age discrimination claims, and the Agreement shall not be effective related to any age discrimination claims until the seven-day revocation period has been exhausted; and,

H.      If the Plaintiff elects to revoke Plaintiff's waiver of age discrimination claims, revocation should be in writing and presented to Melanie Cook, Vice President and Assistant General Counsel, Dollar General Corporation, 100 Mission Ridge, Goodlettsville, Tennessee 37072-2170.

## IV.

Plaintiff agrees to dismiss with prejudice all claims or charges of any kind whatsoever under any federal or state statute or common law, which Plaintiff has filed against any and all of the Released Parties with any state or federal court, agency, or department, including but not limited to, the Litigation/Arbitration. Plaintiff hereby authorizes Plaintiff's Attorneys to execute on Plaintiff's behalf any and all stipulations, motions or other documents to effectuate same. Plaintiff hereby covenants and promises that, except as may be provided herein, Plaintiff will not file any additional claims or lawsuits against the Released Parties, or any of them, for any alleged acts, omissions, and/or events, whether now known or unknown, which have or may have occurred prior to the date of execution of this Agreement by Plaintiff.

Plaintiff further agrees that any and all sums paid or provided to Plaintiff in consideration for this Agreement will be forfeited and become immediately due and payable to Dollar General in the event Plaintiff asserts any claim, demand, or cause of action, including any cause of action for indemnity and contribution or third-party action, arising out of, resulting from, or in any way related to any of the claims encompassed within this Agreement, or any action to set aside,

invalidate, or void this Agreement, except as a result of Dollar General's alleged breach of this Agreement. Plaintiff further agrees that a breach of the covenant set forth in this paragraph will entitle Dollar General and/or Released Parties to a full recovery in an action for damages, including, but not limited to, recovery of its or their costs, expenses, and attorneys' fees for investigation, prosecution or defense of any action brought in breach of this covenant as allowed by law. Such recovery of monies shall not otherwise affect the enforceability of this Agreement or of other individual promises contained in this Agreement.

Nothing in this Agreement shall limit Plaintiff's right to communicate with any investigative agency (including, but not limited to, asserting a complaint therewith), or participate in an investigation or proceeding conducted by any investigative agency, nor is this Agreement intended to interfere with or deter a right to challenge the waiver of an ADEA claim. This Agreement does, however, waive and release any right by Plaintiff to recover damages under any civil rights statutes with respect to any claim released hereby or arising out of Plaintiff's employment with Dollar General. And, any challenge to the waiver of an ADEA claim will not affect the validity of the release of any other claims covered by this Agreement.

## V.

Plaintiff has been represented by The Law Offices of Levy & Levy, P.A. The Law Offices of Levy & Levy, P.A. acknowledges that it has authority to negotiate on behalf of and bind all of Plaintiff's Attorneys (as defined herein in footnote 1, *supra*) related to this Litigation/Arbitration and the claims released by this Agreement. By signature to this Agreement, The Law Offices of Levy & Levy, P.A. acknowledges that all claims for attorneys' fees, costs, or other recoverable expenses that it and Plaintiff's Attorneys (including, but not limited to attorneys Chad E. Levy may hold independently against the Released Parties, or any of

them, are satisfied by the consideration paid, and The Law Offices of Levy & Levy, P.A. on its behalf and the behalf of Plaintiff's Attorneys, hereby releases any claims they have or might have against the Released Parties, or any of them, for all such monies.

Plaintiff and Plaintiff's Attorneys also acknowledge that no other attorney or firm not associated with or in joint-representation with Plaintiff's Attorneys has represented Plaintiff in connection with the Litigation/Arbitration. Plaintiff hereby represents and warrants that Plaintiff has full authority to release all claims against Released Parties, including those claims associated with the Litigation/Arbitration and Plaintiff's claims therein, and that Plaintiff has not assigned or otherwise transferred to any other person or entity (other than Plaintiff's agreement with Plaintiff's Attorneys whose claims, if any, are fully and finally satisfied by this Agreement) any interest in any claim, demand, recovery, settlement proceeds, action and/or cause of action Plaintiff has, may have, or may claim to have against any Released Party. Plaintiff agrees to indemnify and hold harmless the Released Parties from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees and court costs, incurred as a result of any claims or demands which may hereafter be asserted against any Released Party by, through, or by virtue of an assignment or other transfer by Plaintiff and/or assignment to any of Plaintiff's Attorneys.

Further, Plaintiff's Attorneys represent and warrant that they have full authority to release all claims for attorneys' fees, costs and expenses incurred by Plaintiff and Plaintiff's Attorneys as associated with the Litigation/Arbitration, and related to Plaintiff's claims therein, and that they have full authority to negotiate a settlement amount to be designated as attorneys' fees, costs, or expenses on behalf of Plaintiff's Attorneys, and that there is no interest in attorneys' fees, costs, or expenses on behalf of Plaintiff related to this Litigation/Arbitration that they do

not represent.  Further Plaintiff's Attorneys represent and warrant that they have not assigned or otherwise transferred to any other person or entity any interest in any claim, demand, recovery, settlement proceeds, action and/or cause of action they have, may have, or may claim to have against any Released Party that are not settled by this Agreement.  The Law Offices of Levy & Levy, P.A. agrees to indemnify and hold harmless the Released Parties from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees, court costs, and expenses incurred as a result of any claims or demands which may hereafter be asserted against any Released Party by, through, or by virtue of a right to ownership, an assignment or other transfer by Plaintiff's Attorneys of the attorneys' fees, costs, and expenses that may be recovered based upon Plaintiff's claims in this Litigation/Arbitration.

## VI.

Plaintiff acknowledges and agrees that by signing this Agreement and accepting additional compensation related to a general release, Plaintiff is voluntarily giving up any right Plaintiff may have to employment or re-employment with Dollar General and/or Released Parties.  Plaintiff further agrees not to seek employment or re-employment with Dollar General or Released Parties at any time and in any capacity in the future.  Dollar General is entitled to reject without cause or recourse any application for employment made by Plaintiff and to terminate, without cause or recourse, any future employment by Plaintiff.  Moreover, Plaintiff admits and represents that she has been paid for all wages owed Plaintiff based upon Plaintiff's employment with Defendant, and that no additional wages are owed related to Plaintiff's employment with Defendant.

## VII.

Plaintiff agrees Plaintiff will not make any statements or take any action calculated to be derogatory or harmful to the reputation, business, or affairs of any of the Released Parties as it

relates to Plaintiff's employment, separation from employment, and the Litigation/Arbitration. As part of this Agreement, Dollar General agrees to provide Plaintiff with a neutral job reference, by responding to any inquiries with only neutral information, such as the dates of Plaintiff's employment with Dollar General and the position(s) held. This Agreement is conditioned upon the requirement that Plaintiff refer any inquiries regarding a job reference to The Work Number at 1-800-367-5690, Company code 11010.

## VIII.

This Agreement, the offer of this Agreement, and compliance with this Agreement shall not constitute or be construed as an admission by the Defendant or Released Parties, or any of them individually, of any wrongdoing or liability of any kind or an admission of any violation of the rights of Plaintiff, but rather, such liability or wrongdoing is expressly denied. This Agreement shall not be admissible in any judicial, administrative or other proceeding or cause of action as an admission of liability or for any purpose other than to enforce the terms of this Agreement.

## IX.

The Parties agree that the sums paid pursuant to this Agreement and specifically referenced in Paragraph I. herein are in settlement of Plaintiff's claims for all alleged damages. Plaintiff acknowledges and agrees that Dollar General has not made any representations to Plaintiff regarding the tax consequences of any amounts received by Plaintiff pursuant to this Agreement. Plaintiff agrees that Plaintiff shall be solely responsible for payment of all of Plaintiff's personal tax liabilities due on the settlement amount, including federal, state and local taxes, interest and penalties, which are or may become due. Plaintiff agrees to indemnify, defend, and hold harmless the Released Parties from any claims, demands, deficiencies, assessments, executions, judgments, or recoveries by any governmental entity against any of the

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS – PAGE 10
86810581_1

Released Parties for any amounts claimed due with respect to the payment referenced above in Paragraph I. or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Released Parties, or any of them, as a result of the payments referenced above in Paragraph I., including attorney's fees, in the event the Released Parties, or any of them individually, are required to file suit or take other legal action to enforce this paragraph.

## X.

The Parties agree that the terms of this Agreement are contractual in nature and not merely recitals and shall be governed and construed in accordance with the laws of the State of Florida, without regard to conflicts of law.  The Parties further agree that should any part of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the Parties intend the legality, validity, and enforceability of the remaining parts shall not be affected thereby, and said illegal, invalid or unenforceable part shall be deemed not to be a part of this Agreement.

## XI.

This Agreement shall be binding upon and the benefits shall inure to Plaintiff and Plaintiff's heirs and to the Released Parties, and their successors and assigns.

## XII.

Each party hereto represents and warrants that they have full authority to bind the party represented.

## XIII.

No waiver of any of the terms of this Agreement shall be valid unless in writing and signed the party to this Agreement against whom such waiver is sought to be enforced.  The waiver by any party hereto of any provision of this Agreement shall not operate or be construed

as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement.

### XIV.

Plaintiff agrees that in executing this Agreement Plaintiff does not rely and has not relied on any document, representation, or statement, whether written or oral, other than those specifically set forth in this written Agreement. The Parties, including Plaintiff and Plaintiff's Attorneys, agree that this Agreement constitutes the entire agreement between Plaintiff and the Released Parties, and supersedes any and all prior agreements or understandings, written or oral, pertaining to the subject matter of this Agreement. No oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist. This Agreement cannot be changed or terminated orally, but may be changed only through written addendum executed by the Parties.

### XV.

This Agreement is the product of arm's length negotiations between the Parties and their counsel, and no party shall be deemed to be the drafter of any provision or the entire Agreement. The wording in this Agreement was reviewed and accepted by all Parties after reasonable time to review with legal counsel, and no Party shall be entitled to have any wording of this Agreement construed against the other Party as the drafter of the Agreement in the event of any dispute in connection with this Agreement.

### XVI.

The Parties declare that the terms of this Agreement have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts and their legal rights, of which they have been fully advised by their respective attorneys.

## XVII.

IN WITNESS WHEREOF, the Parties have executed this Agreement as follows:

_____
PLAINTIFF CINDY HARNEN

Date:  3 - 13 - 17

APPROVED AS TO FORM AND SUBSTANCE, INCLUDING BUT NOT LIMITED TO AND SPECIFICALLY AGREED TO, FOOTNOTE 1 AND AS TO PARAGRAPHS: V., XIII., and XVI.

_____
Chad E. Levy
Law Offices of Levy & Levy, P.A.
Attorneys for Plaintiff Cindy Harnen

Date:  3/13/17

Melanie E. Cook
Dolgencorp, LLC

Date: 3/31/17

APPROVED AS TO FORM AND SUBSTANCE

Joel S. Allen
Melissa M. Hensley
Attorneys for Defendant Dolgencorp, LLC

Date: 3/31/17